NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AJAY KAJLA,

    Plaintiff,

v.

HONORABLE PATRICIA D. BUENO CLEARY, HONORABLE GLENN GRANT, HONORABLE JOSE L. FUENTES, HONORABLE ELLEN L. KOBLITZ, HONORABLE DOUGLAS M. FASCIALE, HONORABLE JOHN C. KENNEDY, HONORABLE SUSAN L. REISNER, HONORABLE KATIE A. GUMMER, HONORABLE STUART RABNER, OFFICE OF FORECLOSURE,

    Defendants.

Civ. No. 18-15449

**MEMORANDUM ORDER**

RECEIVED

NOV 29 2018

AT 8:30 4:00 P M
WILLIAM T. WALSH
CLERK

THOMPSON, U.S.D.J.

    IT APPEARING that Plaintiff filed a complaint against nine New Jersey state-court judges and the Office of Foreclosure, alleging fraud (*see* Compl. ¶ 3.1, ECF No. 1); and it further

    APPEARING that Plaintiff filed a Motion for Temporary Restraining Order, Emergency Injunctive Relief, and Order to Show Cause, seeking to stay an eviction seemingly set for December 4, 2018 (ECF No. 6); and it further

    APPEARING that Defendants filed a Response in Opposition to Plaintiff's Motion for Temporary Restraining Order, Emergency Injunctive Relief, and Order to Show Cause (ECF No. 7); and it further

    APPEARING that the Court held oral argument on November 29, 2018 in regard to Plaintiff's Motion for Temporary Restraining Order, Emergency Injunctive Relief, and Order to

Show Cause (ECF No. 8); and it further

APPEARING that in order to obtain a preliminary injunction or temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff must show: "(1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted . . . (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest," *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (citing *Delaware River Port Authority v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)); and it further

APPEARING that the *Rooker-Feldman* doctrine bars federal jurisdiction if either (1) "the claim was 'actually litigated' in state court" or (2) "the claim is 'inextricably intertwined' with the state adjudication," *ITT Corp. v. Intelnet Int'l Corp.*, 366 F.3d 205, 210 (3d Cir. 2004) (citing *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003); *Parkview Associates Partnership v. City of Lebanon*, 225 F.3d 321, 325 (3d Cir. 2000)); and it further

APPEARING that Plaintiff has litigated his eviction in various state-court proceedings (*see* Compl. ¶¶ 7.1–7.9); and it further

APPEARING that Plaintiff essentially seeks this Court's review of those state-court proceedings, which is barred by the *Rooker-Feldman* doctrine;

IT IS on this 27th day of November, 2018

ORDERED that, as stated in the proceedings held before this Court on November 29, 2018 (ECF No. 8), Plaintiff's Motion for Temporary Restraining Order, Emergency Injunctive Relief, and Order to Show Cause (ECF No. 6) is DENIED because Plaintiff failed to show a reasonable probability of eventual success in the underlying litigation.

*Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.